ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 1 2 2006

JAMES N. HATTEN, Clerk
By: L. Wade - Child
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 1:06-~~MJ-1182~~ |
| REGGIE ANDREWS, JR. | : | CR-422-02 JWS |

## GOVERNMENT'S MOTION FOR DETENTION

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney, and Jane Wilcox Swift, Assistant United States Attorney for the Northern District of Georgia, and pursuant to 18 U.S.C. §§ 3142(e) and (f) moves for detention for the above-captioned defendant.

1. Eligibility of Case.

This case is eligible for a detention order because this case involves (check all that apply):

__X__   Crime of violence (18 U.S.C. § 3156)

_____   Maximum sentence of life imprisonment or death

_____   10 + year drug offense

_____   Felony, with two prior convictions in the above categories

__X__   Serious risk the defendant will flee

_____   Serious risk of obstruction of justice

2.  <u>Reason for Detention.</u>

The Court should detain defendant because there are no conditions of release that will reasonably assure (check one or both):

__X__    Defendant's appearance as required

__X__    Safety of any other person and the community


3.  <u>Rebuttable Presumption.</u>

The United States (will / will not) invoke the rebuttable presumption against defendant under § 3142(e). (If yes) The presumption applies because (check one or more):

_____    There is probable cause to believe defendant committed 10 + year drug offense.

__X__    There is probable cause to believe defendant committed an offense in which a firearm was used, carried, or possessed under § 924(c).

_____    Defendant has been charged with a federal offense that is described in § 3142(f)(1), and

(1) defendant has been convicted of a Federal offense that is described in § (f)(1) of this section, or of a State or Local offense that would been an offense described in § (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) was committed while defendant was on release pending trial for a Federal, State or local offense; and

(3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1), whichever is later.

\_\_\_\_\_  [Circle one] This is an offense involving a minor under 18 U.S.C. § 1201, or an offense under 18 U.S.C. § 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. Time for Detention Hearing.

The United States requests the Court conduct the detention hearing:

\_\_\_\_\_  At the initial appearance.

_X_  After continuance of _3_ days (not more than 3).

The Government requests leave of Court to file a supplemental motion with additional grounds or presumption for detention should this be necessary.

Dated: this 12th day of October, 2006.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY,

*/s/ Jane W. Swift*

JANE WILCOX SWIFT
ASSISTANT U.S. ATTORNEY
600 U.S. Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303
(404)581-6305
Ga. Bar No.758450

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by hand delivery:

    Counsel for the Defense

This 12th day of October, 2006.

                              JANE WILCOX SWIFT
                              ASSISTANT UNITED STATES ATTORNEY