IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | |
| ) | 1:06-CR-00422-02-JEC-AJB |
| REGGIE ANDREWS, JR. ) | |
| _____) | |

## MOTION TO ALLOW PARTICIPATION
## IN VOIR DIRE AND BRIEF IN SUPPORT

COMES NOW Defendant REGGIE ANDREWS, JR., by and through undersigned counsel, and requests that this Court, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, permit his attorney to participate in the voir dire examination in this case.

Courts have repeatedly recognized the importance of a defense attorney's participation in voir dire in order to insure the defendant a more effective jury selection process. United States v. Lible, 630 F.2d 389, 394-95 (5th Cir. 1980); United States v. Corey, 625 F.2d 704, 707-08 (5th Cir. 1980); United States v. Ledee, 549 F.2d 990, 993 (5th Cir. 1977). In Lible, supra the court noted that:

> While Federal Rules of Criminal Procedure 24(a) gives wide discretion to the trial court, voir dire may have little meaning if it is not conducted at least in part by counsel. The "federal" practice of "almost" exclusive voir dire examination by the court does not take into account the fact that it is the parties, rather than the court, who have a full grasp of the nuances and the strength and weakness of the case. "Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes...." Experience indicates that in the

>     majority of situations questioning by counsel
>     would be more likely to fulfill this need than
>     an exclusive examination in general terms by
>     the trial court.

630 F.2d at 395 (footnote omitted).

A defendant has a constitutional right to a fair and impartial trial. The use of peremptory challenges to select a fair and impartial jury is one of the most important rights an accused person has at such a trial. <u>Pointever v. United States</u>, 151 U.S. 396 (1893). In order to insure the effectiveness of these peremptory challenges, Defendant respectfully requests that this Court grant his request to have his attorney participate in the voir dire examination.

Dated:  This 16th day of November, 2006.

>                                 Respectfully submitted,
>
>                                 <u>/s/ *Colin Garrett*</u>
>                                 COLIN GARRETT
>                                 GEORGIA STATE BAR NO. 141751
>                                 ATTORNEY FOR REGGIE ANDREWS, JR.

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA  30303
404-688-7530; Fax 404-688-0768
colin_garrett@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing MOTION TO ALLOW PARTICIPATION IN VOIR DIRE AND BRIEF IN SUPPORT was formatted in Courier 12 pt, in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>    Jane Swift, Esq.
>    Assistant United States Attorney
>    600 Richard B. Russell Building
>    75 Spring Street, S.W.
>    Atlanta, Georgia  30303

Dated:  This 16th day of November, 2006.

>    <u>/s/ *Colin Garrett*</u>
>    COLIN GARRETT
>    GEORGIA STATE BAR NO. 141751
>    ATTORNEY FOR REGGIE ANDREWS, JR.

Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
404-688-7530; Fax 404-688-0768
colin_garrett@fd.org